IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE LITIGATION _____/ <br><br> This Order Relates To: <br><br> *Adams Cnty. Bd. of Cnty. Comm'rs et al. v. McKinsey and Co., Inc.*, Case No. 21-cv-09107-CRB | MDL No. 2996 CRB <br><br> **ORDER ON MOTIONS TO INTERVENE** <br><br> Re: Member Case Dkt. Nos. 6, 7 |

In the above-captioned member case, there are two pending filings styled as motions to intervene (dkts. 6, 7). Both were filed by pro se litigants. Both filings have headers that describe them as motions to intervene, and each case bears the docket number of the Adams County case.

Nevertheless, it appears to the Court that these pro se litigants intended to file independent civil actions against McKinsey. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that courts have the "obligation, . . . where the petitioner is pro se, . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt") (quotation marks omitted). The litigants likely styled their filings as "motions to intervene" because they wished to join their cases to the In re: Mckinsey MDL, not because they sought to intervene in the Adams County case in particular. Adams County is, after all, an action brought by political subdivisions, not individuals. Nor do any of Ohio subdivision plaintiffs in Adams County appear to have any relationship with the pro se litigants, who reside in Virginia and Connecticut, respectively. Finally, the filings do

not offer any "grounds for intervention" in the Adams County action as required by Fed. R. Civ. P. 24(c). They are just complaints against McKinsey.

Accordingly, the Court finds the filings by Ms. Isaacs and Ms. Ecke et al. should have been docketed as separate civil cases. The Clerk is directed to reclassify each motion to intervene (dkts. 6, 7) as an initial filing in a separate civil action and assign a civil case number to each action.[1]

Lead Counsel is directed to contact these litigants using the contact information in their filings and assist them in finding representation if they desire it.

**IT IS SO ORDERED.**

Dated: February 16, 2024

CHARLES R. BREYER
United States District Judge

---

[1] The Administrative Motion to Waive PACER Fees (dkt. 8) filed by Ms. Ecke is denied as moot.